## Appeal of OPPENSTEIN BROTHERS.    Docket No. 117.

A taxpayer upon taking a lease of land agreed to raze the existing building and erect a new one, paying the necessary cost in the first instance, which cost, with the exception of an amount equal to the stipulated value of the old building, was to be repaid by the landlord over a period of years. *Held* that the stipulated value (less salvage) of the old building was not a loss to the taxpayer in the year of execution of the lease.

Submitted November 6, 1924; decided December 29, 1924.

*H. E. Lunsford, C. P. A.* and *O. R. Abel, C. P. A.*, for the taxpayer.

*Robert A. Littleton, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

This appeal came on for hearing on October 27, 1924, and from the facts set forth in the pleadings and exhibits filed at the hearing, the Board makes the following

## FINDINGS OF FACT.

1. During the year 1917 the taxpayer was a partnership doing business in Kansas City, Mo. At that time it owned a half interest in a lease of certain premises consisting of land and buildings. On February 27, 1917, it executed with the owners of the premises a new lease for a term of 50 years beginning July 1, 1917. This lease was executed by Louis Oppenstein in his individual name, but apparently was taken by him on behalf of the partnership and one Sigmon Harzfeld, the partnership and Harzfeld each having a 50 per cent interest. By the terms of this lease the lessees agreed to remove at their own expense the building standing on the demised ground and to erect and construct a new building according to specifications set forth in a separate instrument. The lease provided for the reduction of the rent in a specified manner in order to reimburse the lessees for so much of the cost to them of the new building as should exceed the sum of $30,000, in the following language:

It is agreed that the building now standing on the demised premises is of the value of $30,000, and that for and to the extent of whatever sum and amount of money the total cost and expenditure of constructing and erecting the new building upon the demised premises as herein provided for to be done shall exceed the sum of $30,000 the lessee shall be entitled to be reimbursed. * * *

2. At the time of executing the said lease the lessees were holding the same premises under a lease dated May 11, 1910, which had not then expired but which was to terminate under the terms of the new lease upon the day the new lease should become effective.

3. The taxpayer and Harzfeld sold the building which stood on the premises to a wrecking company for $1,400, of which $700 was received by the taxpayer. They thereafter proceeded with the erection of a new building upon the premises which under the terms of the lease became the property of the landlords subject to the right of the lessees to occupy upon paying rent, etc.

4. In its profits tax return for 1917 the taxpayer claimed a deduction of $14,300 for loss on the sale of the old building. The Commissioner disallowed this deduction and accordingly found a deficiency against the taxpayer in the sum of $2,857.29. The taxpayer has appealed to this Board.

## DECISION.

The deficiency should be recomputed in accordance with the following opinion. Final determination will be settled on consent or on seven days' notice in accordance with Rule 50.

## OPINION.

IVINS: We are left in some uncertainty as to the date of expiration of the taxpayer's old lease. In the petition it is stated that on June

20, 1916, the taxpayer and Harzfeld secured a lease on the premises for a term of 20 years. In the brief filed on behalf of the taxpayer it appears that the taxpayer and Harzfeld secured a lease on May 11, 1910, which was to expire on June 30, 1916, and that this lease proved unprofitable and on February 27, 1917, was surrendered for a new lease effective from July 1, 1917. The new lease which was introduced in evidence refers to the lease of May 11, 1910, and provides that it shall be canceled on the day that the term of the new lease shall begin. In any case the parties seem agreed that the taxpayer and Harzfeld were holding under an existing lease which was canceled when the new lease became effective.

The taxpayer takes the position that in effect it bought a half interest in the old building for $15,000 and sold it to the wrecker for $700 and is entitled to take a deduction for loss thereon. We can not find in the record any justification for such a position. The lessees finding their existing lease unprofitable negotiated for a new lease and the landlord said in effect "if you will sign up a new lease on specified terms we will cancel the old one." The terms of the new lease provided that the lessees should raze the existing building at their own expense and replace it with a more modern one for which they were to pay specified rents over a period of 50 years but the landlords were to reimburse the lessees for all this cost except $30,000 which was stipulated to be the value of the old building, such reimbursement to be made by allowing deductions from the stipulated rent. It was a single transaction, and there is no basis for saying that the taxpayer bought the old building and sold it at a loss. As a matter of fact it got $700 out of the wrecking of the old building, and the money it paid out was for the construction of a new building. The cost of the new building to the taxpayer, to the extent that it is not reimbursable to it by the landlords, constitutes cost of acquiring the new lease and may be written off by way of exhaustion over the period of the lease, but it is not deductible as a loss.