OPINION.
Ivins:
We are left in some uncertainty as to the date of expiration of the taxpayer’s old lease. In the petition it is stated that on June *261 20, 1916, the taxpayer and Harzfeld secured a lease on the premises for a term of 20 years. In the brief filed on behalf of the taxpayer it appears that the taxpayer and Harzfeld secured a lease on May 11, 1910, which was to expire on June 30, 1916, and that this lease proved unprofitable and on February 27, 1917, was surrendered for a new lease effective from July 1, 1917. The new lease which was introduced in evidence refers to the lease of May 11, 1910, and provides that it shall be canceled on the day that the term of the new lease shall begin. In any case the parties seem agreed that the taxpayer and Harzfeld were holding under an existing lease which was canceled when the new lease became effective.
The taxpayer takes the position that in effect it bought a half interest in the old building for $15,000 and sold it to the wrecker for $700 and is entitled to take a deduction for loss thereon. We can not find in the record any justification for such a position. The lessees finding their existing lease unprofitable negotiated for a new lease and the landlord said in effect “ if you will sign up a new lease on specified terms we will cancel the old one.” The terms of the new lease provided that the lessees should raze the existing building at their own expense and replace it with a more modern one for which they were to pay specified rents over a period of 50 years but the landlords were to reimburse the lessees for all this cost except $30,000 which was stipulated to be the value of the old building, such reimbursement to be made by allowing deductions from the stipulated rent. It was a single transaction, and there is no basis for saying that the taxpayer bought the old building and sold it at a loss. As a matter of fact it got $700 out of the wrecking of the old building, and the money it paid out was for the construction of a new building. The cost of the new building to the taxpayer, to the extent that it is not reimbursable to it by the landlords, constitutes cost of acquiring the new lease and may be written off by way of exhaustion over the period of the lease, but it is not deductible as a loss.